IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>$11,708.00 in U.S. CURRENCY and $800.00 in U.S. CURRENCY,<br><br>Defendants. | ORDER AND MEMORANDUM DECISION<br><br>Case No. 2:18-cv-439-TC |

The United States, in connection with the criminal matter of <u>United States v. Al-Rekabi</u> (2:16-cr-373-RJS, D. Utah), filed this civil forfeiture action requesting an order forfeiting $12,508.00 seized during a search for illegal drugs. Pro Se Claimant Ahmed Al-Rakabi,[1] who pled guilty in the criminal case, has filed a motion to dismiss the United States' complaint for failure to allege facts establishing the money was derived from an illegal drug transaction. He contends the money came from his settlement with an insurance company.

In a civil *in rem* forfeiture action, the Government is required to file a verified complaint and satisfy standards and follow procedures contained in, among other sources, "Supplemental

---

[1] Mr. Al-Rakabi spells his name differently in this action than the name contained in the criminal indictment.

1

Rule G" of the Federal Rules of Civil Procedure and 18 U.S.C. § 983(a)(4). The rules also set the procedures that a claimant, such as Mr. Al-Rakabi, must follow.

The Government, in its Opposition to Claimant's Motion to Dismiss (ECF No. 5), contends it has followed the appropriate procedures and has satisfied the pleading standard. It asks the court to direct Mr. Al-Rakabi to follow the proper procedure to claim the money.

For the reasons stated in the Government's Opposition, the court finds that the Government has satisfied the pleading standard contained in Supplemental Rule G(2)(f) (requiring Government to "state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial").[2] The court's ruling applies not only to the Government's original verified complaint (ECF No. 1) but also to its Amended Verified Complaint For Forfeiture *In Rem* (ECF No. 4).[3]

---

[2] Mr. Al-Rakabi attaches evidence to support his claim that the money came from insurance proceeds, not a drug transaction. (See Preliminary estimate for automobile repair, attached as Ex. A to Mot. To Dismiss at pp. 9–27, ECF No. 3.) When evaluating a motion to dismiss, the court may only consider the allegations contained within the complaint and may not consider extrinsic evidence such as the document submitted by Mr. Al-Rakabi. See United States v. Approximately $50,205 in United States Currency, No. 12-CV-1183, 2013 WL 3729573, *7 (E.D. Wis. July 12, 2013) (unpublished) (information extrinsic to forfeiture complaint "is not a proper subject of a motion to dismiss . . . because it challenges the sufficiency of the evidence underlying the allegations in the complaint rather than the sufficiency of the allegations in the complaint themselves"), cited in United States' Opp'n to Claimant's Mot. Dismiss at 9, ECF No. 5. Once Mr. Al-Rakabi has filed a formal claim, he will have an opportunity to challenge the merits of the Government's complaint.

[3] After the Government filed its amended complaint, Mr. Al-Rakabi filed a motion for a more definite statement of the facts supporting the Government's theory. (See ECF No. 6.) He also expressed confusion about the status of the amended complaint given that he had filed a motion to dismiss the original complaint. (See id. p. 1 ¶ 1.) For clarification, the Government, under the civil rules, was permitted to amend its complaint without leave of the court and despite the existence of the motion to dismiss. Fed. R. Civ. P. 15(a)(1)(B). The court finds that both versions of the complaint satisfy the pleading requirements and need not be stated more definitely, much less dismissed.

Now it is Mr. Al-Rakabi's obligation to file a formal claim as required by 18 U.S.C. § 983(a)(4)(A) and Supplemental Rule G(5)(a) and answer the amended complaint as required by 18 U.S.C. § 983(a)(4)(B) and Supplemental Rule G(5)(b). The matter will proceed from there.

**ORDER**

For the foregoing reasons, the court ORDERS as follows:

1. Claimant's Motion to Dismiss (ECF No. 3) and Claimant's Motion to Compel a more definite statement (ECF No. 6) are DENIED.

2. Mr. Al-Rakabi is directed to file a claim with the Government, as set forth in Supplemental Rule G(5)(a), no later than Friday, September 7, 2018. He must file a claim under oath for each sum of money (the $11,708.00 and the $800.00) (the "Defendants") if he intends to claim the full amount seized. Then, again under Supplemental Rule G(5)(b), he must file an answer to the Amended Verified Complaint for Forfeiture *In Rem* no later than 21 days after filing his claim.[4]

DATED this 14th day of August, 2018.

BY THE COURT:

TENA CAMPBELL
U.S. District Court Judge

---

[4] A copy of Supplemental Rule G is attached to this order.

# ATTACHMENT – SUPPLEMENTAL RULE G

**Supplemental Admiralty and Maritime Claims Rule G, 28 U.S.C.A.**
**Rule G. Forfeiture Actions In Rem**

(1) Scope. This rule governs a forfeiture action in rem arising from a federal statute. To the extent that this rule does not address an issue, Supplemental Rules C and E and the Federal Rules of Civil Procedure also apply.

(2) Complaint. The complaint must:

   (a) be verified;

   (b) state the grounds for subject-matter jurisdiction, in rem jurisdiction over the defendant property, and venue;

   (c) describe the property with reasonable particularity;

   (d) if the property is tangible, state its location when any seizure occurred and--if different--its location when the action is filed;

   (e) identify the statute under which the forfeiture action is brought; and

   (f) state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial.

(3) Judicial Authorization and Process.

   (a) Real Property. If the defendant is real property, the government must proceed under 18 U.S.C. § 985.

   (b) Other Property; Arrest Warrant. If the defendant is not real property:

      (i) the clerk must issue a warrant to arrest the property if it is in the government's possession, custody, or control;

      (ii) the court--on finding probable cause--must issue a warrant to arrest the property if it is not in the government's possession, custody, or control and is not subject to a judicial restraining order; and

      (iii) a warrant is not necessary if the property is subject to a judicial restraining order.

(c) Execution of Process.

    (i) The warrant and any supplemental process must be delivered to a person or organization authorized to execute it, who may be: (A) a marshal or any other United States officer or employee; (B) someone under contract with the United States; or (C) someone specially appointed by the court for that purpose.

    (ii) The authorized person or organization must execute the warrant and any supplemental process on property in the United States as soon as practicable unless:

        (A) the property is in the government's possession, custody, or control; or

        (B) the court orders a different time when the complaint is under seal, the action is stayed before the warrant and supplemental process are executed, or the court finds other good cause.

    (iii) The warrant and any supplemental process may be executed within the district or, when authorized by statute, outside the district.

    (iv) If executing a warrant on property outside the United States is required, the warrant may be transmitted to an appropriate authority for serving process where the property is located.

(4) Notice.

  (a) Notice by Publication.

    (i) When Publication Is Required. A judgment of forfeiture may be entered only if the government has published notice of the action within a reasonable time after filing the complaint or at a time the court orders. But notice need not be published if:

        (A) the defendant property is worth less than $1,000 and direct notice is sent under Rule G(4)(b) to every person the government can reasonably identify as a potential claimant; or

        (B) the court finds that the cost of publication exceeds the property's value and that other means of notice would satisfy due process.

    (ii) Content of the Notice. Unless the court orders otherwise, the notice must:

        (A) describe the property with reasonable particularity;

(B) state the times under Rule G(5) to file a claim and to answer; and

(C) name the government attorney to be served with the claim and answer.

(iii) Frequency of Publication. Published notice must appear:

(A) once a week for three consecutive weeks; or

(B) only once if, before the action was filed, notice of nonjudicial forfeiture of the same property was published on an official internet government forfeiture site for at least 30 consecutive days, or in a newspaper of general circulation for three consecutive weeks in a district where publication is authorized under Rule G(4)(a)(iv).

(iv) Means of Publication. The government should select from the following options a means of publication reasonably calculated to notify potential claimants of the action:

(A) if the property is in the United States, publication in a newspaper generally circulated in the district where the action is filed, where the property was seized, or where property that was not seized is located;

(B) if the property is outside the United States, publication in a newspaper generally circulated in a district where the action is filed, in a newspaper generally circulated in the country where the property is located, or in legal notices published and generally circulated in the country where the property is located; or

(C) instead of (A) or (B), posting a notice on an official internet government forfeiture site for at least 30 consecutive days.

(b) Notice to Known Potential Claimants.

(i) Direct Notice Required. The government must send notice of the action and a copy of the complaint to any person who reasonably appears to be a potential claimant on the facts known to the government before the end of the time for filing a claim under Rule G(5)(a)(ii)(B).

(ii) Content of the Notice. The notice must state:

        (A) the date when the notice is sent;

        (B) a deadline for filing a claim, at least 35 days after the notice is sent;

        (C) that an answer or a motion under Rule 12 must be filed no later than 21 days after filing the claim; and

        (D) the name of the government attorney to be served with the claim and answer.

    (iii) Sending Notice.

        (A) The notice must be sent by means reasonably calculated to reach the potential claimant.

        (B) Notice may be sent to the potential claimant or to the attorney representing the potential claimant with respect to the seizure of the property or in a related investigation, administrative forfeiture proceeding, or criminal case.

        (C) Notice sent to a potential claimant who is incarcerated must be sent to the place of incarceration.

        (D) Notice to a person arrested in connection with an offense giving rise to the forfeiture who is not incarcerated when notice is sent may be sent to the address that person last gave to the agency that arrested or released the person.

        (E) Notice to a person from whom the property was seized who is not incarcerated when notice is sent may be sent to the last address that person gave to the agency that seized the property.

    (iv) When Notice Is Sent. Notice by the following means is sent on the date when it is placed in the mail, delivered to a commercial carrier, or sent by electronic mail.

    (v) Actual Notice. A potential claimant who had actual notice of a forfeiture action may not oppose or seek relief from forfeiture because of the government's failure to send the required notice.

**(5) Responsive Pleadings.**

  **(a) Filing a Claim.**

**(i)** A person who asserts an interest in the defendant property may contest the forfeiture by filing a claim in the court where the action is pending. The claim must:

**(A)** identify the specific property claimed;

**(B)** identify the claimant and state the claimant's interest in the property;

**(C)** be signed by the claimant under penalty of perjury; and

**(D)** be served on the government attorney designated under Rule G(4)(a)(ii)(C) or (b)(ii)(D).

**(ii)** Unless the court for good cause sets a different time, the claim must be filed:

**(A)** by the time stated in a direct notice sent under Rule G(4)(b);

**(B)** if notice was published but direct notice was not sent to the claimant or the claimant's attorney, no later than 30 days after final publication of newspaper notice or legal notice under Rule G(4)(a) or no later than 60 days after the first day of publication on an official internet government forfeiture site; or

**(C)** if notice was not published and direct notice was not sent to the claimant or the claimant's attorney:

(1) if the property was in the government's possession, custody, or control when the complaint was filed, no later than 60 days after the filing, not counting any time when the complaint was under seal or when the action was stayed before execution of a warrant issued under Rule G(3)(b); or

(2) if the property was not in the government's possession, custody, or control when the complaint was filed, no later than 60 days after the government complied with 18 U.S.C. § 985(c) as to real property, or 60 days after process was executed on the property under Rule G(3).

**(iii)** A claim filed by a person asserting an interest as a bailee must identify the bailor, and if filed on the bailor's behalf must state the authority to do so.

> **(b) Answer. A claimant must serve and file an answer to the complaint or a motion under Rule 12 within 21 days after filing the claim. A claimant waives an objection to in rem jurisdiction or to venue if the objection is not made by motion or stated in the answer.**

(6) Special Interrogatories.

    (a) Time and Scope. The government may serve special interrogatories limited to the claimant's identity and relationship to the defendant property without the court's leave at any time after the claim is filed and before discovery is closed. But if the claimant serves a motion to dismiss the action, the government must serve the interrogatories within 21 days after the motion is served.

    (b) Answers or Objections. Answers or objections to these interrogatories must be served within 21 days after the interrogatories are served.

    (c) Government's Response Deferred. The government need not respond to a claimant's motion to dismiss the action under Rule G(8)(b) until 21 days after the claimant has answered these interrogatories.

(7) Preserving, Preventing Criminal Use, and Disposing of Property; Sales.

    (a) Preserving and Preventing Criminal Use of Property. When the government does not have actual possession of the defendant property the court, on motion or on its own, may enter any order necessary to preserve the property, to prevent its removal or encumbrance, or to prevent its use in a criminal offense.

    (b) Interlocutory Sale or Delivery.

        (i) Order to Sell. On motion by a party or a person having custody of the property, the court may order all or part of the property sold if:

        (A) the property is perishable or at risk of deterioration, decay, or injury by being detained in custody pending the action;

        (B) the expense of keeping the property is excessive or is disproportionate to its fair market value;

        (C) the property is subject to a mortgage or to taxes on which the owner is in default; or

        (D) the court finds other good cause.

- (ii) Who Makes the Sale. A sale must be made by a United States agency that has authority to sell the property, by the agency's contractor, or by any person the court designates.

- (iii) Sale Procedures. The sale is governed by 28 U.S.C. §§ 2001, 2002, and 2004, unless all parties, with the court's approval, agree to the sale, aspects of the sale, or different procedures.

- (iv) Sale Proceeds. Sale proceeds are a substitute res subject to forfeiture in place of the property that was sold. The proceeds must be held in an interest-bearing account maintained by the United States pending the conclusion of the forfeiture action.

- (v) Delivery on a Claimant's Motion. The court may order that the property be delivered to the claimant pending the conclusion of the action if the claimant shows circumstances that would permit sale under Rule G(7)(b)(i) and gives security under these rules.

(c) Disposing of Forfeited Property. Upon entry of a forfeiture judgment, the property or proceeds from selling the property must be disposed of as provided by law.

(8) Motions.

(a) Motion To Suppress Use of the Property as Evidence. If the defendant property was seized, a party with standing to contest the lawfulness of the seizure may move to suppress use of the property as evidence. Suppression does not affect forfeiture of the property based on independently derived evidence.

(b) Motion To Dismiss the Action.

- (i) A claimant who establishes standing to contest forfeiture may move to dismiss the action under Rule 12(b).

- (ii) In an action governed by 18 U.S.C. § 983(a)(3)(D) the complaint may not be dismissed on the ground that the government did not have adequate evidence at the time the complaint was filed to establish the forfeitability of the property. The sufficiency of the complaint is governed by Rule G(2).

(c) Motion To Strike a Claim or Answer.

- (i) At any time before trial, the government may move to strike a claim or answer:

    (A) for failing to comply with Rule G(5) or (6), or

(B) because the claimant lacks standing.

    (ii) The motion:

        (A) must be decided before any motion by the claimant to dismiss the action; and

        (B) may be presented as a motion for judgment on the pleadings or as a motion to determine after a hearing or by summary judgment whether the claimant can carry the burden of establishing standing by a preponderance of the evidence.

(d) Petition To Release Property.

    (i) If a United States agency or an agency's contractor holds property for judicial or nonjudicial forfeiture under a statute governed by 18 U.S.C. § 983(f), a person who has filed a claim to the property may petition for its release under § 983(f).

    (ii) If a petition for release is filed before a judicial forfeiture action is filed against the property, the petition may be filed either in the district where the property was seized or in the district where a warrant to seize the property issued. If a judicial forfeiture action against the property is later filed in another district--or if the government shows that the action will be filed in another district--the petition may be transferred to that district under 28 U.S.C. § 1404.

(e) Excessive Fines. A claimant may seek to mitigate a forfeiture under the Excessive Fines Clause of the Eighth Amendment by motion for summary judgment or by motion made after entry of a forfeiture judgment if:

    (i) the claimant has pleaded the defense under Rule 8; and

    (ii) the parties have had the opportunity to conduct civil discovery on the defense.

(9) Trial. Trial is to the court unless any party demands trial by jury under Rule 38.