# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

# CENTRAL DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** <br><br> Plaintiff, <br><br> v. <br><br> **$11,708.00 in U.S. Currency and $800.00 in U.S. Currency,** <br><br> Defendants *in Rem*. | **MEMORANDUM DECISION AND ORDER** <br><br> **Case No. 2:18-cv-00439-TC-PMW** <br><br> **District Judge Tena Campbell** <br><br> **Chief Magistrate Judge Paul M. Warner** |

District Judge Tena Campbell referred this case to Chief Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court is claimant Ahmed Al-Rekabi's ("Mr. Al-Rekabi") Petition for Appointment of Attorney (the "Motion").[2] The court has carefully reviewed the written memoranda submitted by the parties. Pursuant to Civil Rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah (the "Local Rules"), the court has concluded that oral argument is not necessary and will decide the Motion on the basis of the written memoranda. *See* DUCivR 7-1(f).

Mr. Al-Rekabi filed the Motion seeking an order appointing counsel in this action pursuant to 18 U.S.C. § 3006A.[3] However, as the United States correctly points out in its

---

[1] *See* docket no. 12.

[2] *See* docket no. 11.

[3] *See id.* at 1.

opposition to the Motion, appointment of counsel in a civil forfeiture is governed by 18 U.S.C. § 983(b). Section 983(b) provides for appointment of counsel if a claimant with standing is "financially unable to obtain" counsel and the person is represented by counsel pursuant to 18 U.S.C. § 3006A in a related criminal case. 18 U.S.C. § 983(b)(1)(A). "In determining whether to authorize counsel to represent a person under" such circumstances, "the court shall take into consideration such factors as . . . the person's standing to contest the forfeiture; and . . . whether the claim appears to be made in good faith." 18 U.S.C. § 983(b)(1)(B).

Because the Motion does not address the factors set forth in 18 U.S.C. § 983, the court will appoint counsel for the limited purpose of filing a new motion pursuant to the governing statute.

Accordingly, the Motion is hereby GRANTED IN PART and DENIED IN PART. The court further ORDERS that Mr. Al-Rekabi's appointed counsel in the related criminal case,[4] Vanessa M. Ramos, shall be appointed for the limited purpose of filing a motion addressing whether Mr. Al-Rekabi meets the requirements for appointment of counsel in this forfeiture action under 18 U.S.C. § 983.

IT IS SO ORDERED.

DATED this 29th day of November, 2018.

BY THE COURT:

PAUL M. WARNER
Chief United States Magistrate Judge

---

[4] *See* USA v. Al-Rekabi et al, case no. 2:16-cr-00373-RJS-DBP.